[Cite as *State v. McMahon*, 2014-Ohio-4707.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-55 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2006-CR-685 |
| v. | : | |
| | : | |
| AARON E. MCMAHON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 North Dixie Drive, Dayton, Ohio 45414
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Aaron E. McMahon appeals from his sentences for

Receiving Stolen Property and for Attempted Having a Weapon While Under a Disability,

imposed following the revocation of community control sanctions. McMahon contends that the trial court erred by ordering the sentences to be served consecutively, without having made the findings required by R.C. 2929.14(C)(4).

{¶ 2} The State acknowledges that the consecutive sentences were imposed without the statutory findings having been made, but argues that this appeal is moot, because McMahon has served his prison sentences, and has been released from post-release control. We agree. Accordingly, this appeal is Dismissed.

## I. The Course of Proceedings

{¶ 3} In trial court case no. 2006-CR-685, McMahon pled guilty to one count of Receiving Stolen Property; other counts were dismissed. In trial court case no. 2006-CR-948, McMahon pled guilty to one count of Attempted Having a Weapon While Under a Disability. Community control sanctions were imposed as the sentence for both offenses.

{¶ 4} In 2013, McMahon admitted to having violated the terms of his community control sanctions. The trial court imposed 17-month prison terms for both offenses, to be served consecutively. The trial court also recommended McMahon for a risk reduction sentence under R.C. 2929.143.

{¶ 5} McMahon appeals, setting forth as his sole assignment of error:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE THE MANDATED APPROPRIATE STATUTORY FINDINGS.

## II.  McMahon's Appeal Is Moot

{¶ 6}   The State asserts, and McMahon does not dispute, that he was released from prison on December 5, 2013, was placed on post-release control, and was released from post-release control on April 7, 2014.

{¶ 7}   McMahon is not seeking relief from his convictions.  They will remain intact even if his sole assignment of error is sustained.   He only seeks relief from his prison sentence. We cannot give him relief from his prison sentence, because he has already completed serving it, including post-release control.   Accordingly, this appeal is moot.   *State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014-Ohio-2997, ¶ 4.

## III.   Conclusion

{¶ 8}   This appeal is Dismissed, as moot.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Ryan A. Saunders
J. Allen Wilmes
Hon. Richard J. O'Neill